IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | Chapter 15 |
| COPPER PULSE INC.,[1] | Case No. 24-10439 (LSS) |
| Debtor in a Foreign Proceeding. | Obj. Deadline: June 3, 2024 at 4:00 p.m. (ET)<br>Hearing Date: June 12, 2024 at 2:30 p.m. (ET) |

---

**PETITIONER'S FINAL REPORT AND MOTION FOR ENTRY OF AN ORDER
(I) RECOGNIZING AND ENFORCING TERMINATION ORDER, (II) CLOSING
THE CHAPTER 15 CASE (III) GRANTING RELATED RELIEF**

Deloitte Restructuring Inc., in its capacity as the duly authorized foreign representative (in such capacity, the "Petitioner"), as defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), of Copper Pulse Inc. (f/k/a Goli Nutrition Inc.), a company incorporated in Delaware (the "Debtor"), through its United States co-counsels, Landis Rath & Cobb LLP and Norton Rose Fulbright US LLP, respectfully submits this final report (the "Final Report") and motion (this "Motion")[2] for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) recognizing the *Order Termination the CCAA Proceeding and Discharging the Monitor* entered, (ii) closing the Debtor's Chapter 15 Case and (iii) granting related relief. In support thereof, the Petitioner respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 109 and 1501,

---

[1] The Debtor in this Chapter 15 case and the last four digits of its federal tax identification number is: Copper Pulse Inc. (f/k/a Goli Nutrition, Inc.) (2655). The Debtor is managed from its corporate headquarters, which is located at 2205 Boul. De la Côte-Vertu, suite 200, Montreal, Québec, Canada.

[2] This motion was filed on May 3, 2024 in Case No. 24-10938 (LSS) at Docket No. 93.

{1431.001-W0075820.}

...

and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2. Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core matters under 28 U.S.C. § 157(b)(2)(P).

3. The statutory bases for the relief requested herein are sections 105, 350(a), 1517(d), 1518(1), 1521 and 1522 of the Bankruptcy Code, rule 5009 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 5009-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

4. The Petitioner confirms its consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9013-1(f) to the entry of final orders or judgments by the Court to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5. Venue in this district is proper under 28 U.S.C. § 1410.

**FINAL REPORT**

6. On March 19, 2024 (the "Petition Date"), the Petitioner commenced this Chapter 15 Case and a chapter 15 case for Goli Nutrition Inc., a company incorporated in Quebec, Canada ("Goli Canada"), as ancillary proceedings to the Canadian Proceedings pursuant to sections 1504, 1509 and 1515 of the Bankruptcy Code.

7. A complete description of the events leading to the filing of the Canadian Proceedings are set forth in the Petition.

8. On March 15, 2024, the Debtor filed an application (the "CCAA Initial Application") with the Superior Court of Québec, sitting in the Commercial Division for the

district of Montréal (the "Canadian Court") pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA") seeking the entry of an initial order (the "Initial Order"). Pursuant to the Initial Order, which was issued by the Canadian Court on March 18, 2024, the Petitioner was appointed as monitor in the Canadian Proceedings and was authorized to apply to act as the "foreign representative" of the Debtor and Goli Canada in connection with seeking cross-border approval of the Canadian Proceedings pursuant to Chapter 15 of the Bankruptcy Code.

9. On the Petition Date, the Petitioner filed *Petitioner's Verified Petition Under Chapter 15 for Recognition of the Canadian Proceedings and Request for Related Relief* (the "Verified Petition") [D.I. 2] requesting entry of an order granting recognition of the Canadian Proceedings.[3]

10. Also on the Petition Date, the Petitioner filed *Petitioner's Motion for Entry of an Order (I) Recognizing and Enforcing the RVO and the Atos Sale Order, (II) Approving the Sale Transactions Free and Clear of Liens, Claims, and Encumbrances, and (III) Granting Related Relief* (the "Sale Motion") [D.I. 7] seeking entry of an order recognizing and enforcing the RVO and Atos Sale Order in the United States.

11. Following a hearing in the Canadian Proceedings held on April 9, 2024, the Canadian Court entered the *Approval and Reverse Vesting Order* (as rectified on April 17, 2024, the "RVO") approving the transactions contemplated under the Subscription Agreement. On April 11, 2024, following a hearing in the Canadian Proceedings held on that date, the Canadian Court entered the *Liquidation Order* approving the Agency Agreement and sale of the Atos Equipment (the "Atos Sale Order").

---

[3] Capitalized terms used but not defined here shall have the meanings ascribed to them in the Verified Petition or Sale Motion (defined below), as applicable.

12. This Court held a hearing on April 15, 2024 to consider, among other things, recognition of the Canadian Proceedings and the relief requested in the Sale Motion.

13. On April 18, 2024, the Court entered the *Final Order Granting Recognition of Foreign Main Proceedings and Certain Related Relief* [D.I. 85] (the "<u>Recognition Order</u>") granting the Verified Petition and recognizing the Canadian Proceedings as foreign main proceedings pursuant to Bankruptcy Code section 1517.

14. At a hearing held on April 18, 2024, the Court issued its ruling on the Sale Motion. As set forth in the *Bench Ruling* [D.I. 90], the Court ruled that it would recognize and enforce the RVO but that it will hold the Sale Motion as it relates to the Atos Equipment in abeyance until the Canadian Court renders a decision with respect to ownership of certain of the Atos Equipment.

15. On April 22, 2024, the Court entered the *Order Recognizing and Enforcing the RVO and Related Relief* [D.I. 88] (the "<u>Enforcement Order</u>").

16. Following the closing of the RVO transaction, the Court entered the *Order (I) Closing Chapter 15 Case of Goli Nutrition Inc. (Canada), Case No. 24-10438 (LSS) and (II) Amending the Case Caption of Case No. 24-10439 (LSS)* [D.I. 92] on April 29, 2024 closing the Chapter 15 case of Goli Canada.

17. In the absence of an order recognizing and enforcing the Atos Sale Order in the United States, the Debtors were unable to access the funding under the Agency Agreement that would have provided necessary liquidity to pursue the second phase of their restructuring process. Given the expiration of the Agency Agreement on April 19, 2024, the inability to proceed with the Atos Sale on the original terms or on alternative acceptable terms, and the absence of other sources of funding, Residual Co. and Goli US were unable to meet their ongoing obligations or to support

the costs associated with the realization of the Atos Equipment in the context of the Canadian Proceedings.

18. Accordingly, on April 26, 2024, the Debtors filed the *Application to terminate the CCAA Proceedings and Discharge the Monitor* (the "Termination Application"), a copy of which is attached hereto as **Exhibit B**, with the Canadian Court seeking entry of an order terminating the Canadian Proceedings and the approval of the Monitor's activities and its discharge and release from its duties and obligations in relation therewith.

19. On April 30, 2024, the Canadian Court entered the Termination Order, attached hereto as **Exhibit C**, bringing to a close the Canadian Proceedings.

20. To the knowledge of the Petitioner, and based on the foregoing, all matters to be attended to in connection with this Chapter 15 Case have been completed. Accordingly, the Petitioner now seeks entry of the Proposed Order closing this Chapter 15 Case and enforcing the Termination Order entered by the Canadian Court in the United States.

21. The foregoing serves as the Petitioner's Final Report as required pursuant to Bankruptcy Rule 5009(c).

## RELIEF REQUESTED

22. By this Motion, the Petitioner respectfully seeks the entry of the Proposed Order finding that the Chapter 15 Case is fully administered, closing the Chapter 15 Case without prejudice pursuant to sections 105, 350, 1517(d) and 1518(1) of the Bankruptcy Code, Bankruptcy Rule 5009(c), and Local Rule 5009-2, and recognizing the Termination Order pursuant to section 1521 of the Bankruptcy Code.

## BASIS FOR RELIEF

**A. The Chapter 15 Case is Complete and Closing this Case is Appropriate.**

23. Section 1517(d) of the Bankruptcy Code provides that "[a] case under this chapter [15] may be closed in the manner prescribed under section 350." 11 U.S.C. § 1517(d). Pursuant to section 350 of the Bankruptcy Code, a bankruptcy case may be closed "[a]fter an estate is fully administered." 11 U.S.C. § 350(a). Bankruptcy Rule 5009(c) provides:

> A foreign representative in a proceeding recognized under § 1517 of the Code shall file a final report when the purpose of the representative's appearance in the court is completed. The report shall describe the nature and results of the representative's activities in the court. The foreign representative shall transmit the report to the United States trustee, and give notice of its filing to the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor was a party at the time of the filing of the petition, and such other entities as the court may direct. The foreign representative shall file a certificate with the court that notice has been given. ***If no objection has been filed by the United States trustee or a party in interest within 30 days after the certificate is filed, there shall be a presumption that the case has been fully administered.***

Fed. R. Bankr. P. 5009(c) (emphasis added). Pursuant to Local Rule 5009-2, "a foreign representative . . . may seek the entry of a final decree when the purpose of the representative's appearance in the Court is completed . . . ." Del. Bankr. L.R. 5009-2.

24. As of the date hereof, the Petitioner has fulfilled the purposes of its appearance before this Court in connection with the Chapter 15 Case. There are no outstanding motions, contested matters or adversary proceedings. Further, the Canadian Court has terminated the Canadian Proceedings. Based on the foregoing, the Petitioner has determined that it no longer requires the assistance of this Court in connection with the administration of the Canadian Proceedings.

25. The Petitioner expects no objection from the Office of the United States Trustee for the District of Delaware or otherwise within the 30-day period mandated by Bankruptcy Rule 5009(c) and Local Rule 5009-2(a). If no objection is filed, Bankruptcy Rule 5009(c) and Local

Rule 5009-2(a) will create a presumption that the Chapter 15 Case has been fully administered, and permit the Court to close the Chapter 15 Case.

26. Finally, section 105 of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

27. As detailed herein, the purpose of the Petitioner's appearance in this Court has been completed, and this Chapter 15 Case has been fully administered. The Final Report also details the nature and results of the representative's activities in this Court, thereby satisfying Bankruptcy Rule 5009(c) and Local Rule 5009-2(a).

28. Accordingly, the Petitioner submits that it is appropriate for the Court to enter an order closing the Chapter 15 Case, effective upon entry of such order.

**B.  Recognizing the Termination Order is Appropriate**

29. Recognizing the Termination Order is appropriate in this case. Section 1521(a) of the Bankruptcy Code authorizes this Court, "at the request of the foreign representative, [to] grant any appropriate relief." 11 U.S.C. § 1521(a). The Court may grant such relief so long as it is not "manifestly contrary to the public policy of the United States." 11 U.S.C. § 1506.  Relief is permitted under section 1522 of the Bankruptcy Code so long as "the interests of the creditors and other interested entities, including the debtor, are sufficiently protected."  11 U.S.C. § 1522(a). The Termination Order provides for customary relief, including discharging the Monitor from its duties and exculpating the Monitor in relation to its work in the Canadian Proceedings, except for liabilities or obligations arising from breach of its duties to act honestly and in good faith. Accordingly, the relief provided by the Termination Order is consistent with, and not contrary to

United States public policy, including the policy of providing customary court-ordered exculpation for estate fiduciaries.

**NOTICE AND NO PRIOR REQUEST**

30.     The Petitioner will serve this Final Report and Motion on (a) the United States Trustee, (b) the Debtor, (c) all creditors who have filed a request for notice under Bankruptcy Rule 2002 and Local Rule 9013-1, (d) all persons or bodies authorized to administer foreign proceedings of the Debtor, (e) all parties to litigation pending in the United States in which the Debtor was party at the time of the filing of the Debtor's petition, (f) and such other entities as the court has directed.

31.     No prior request for relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Petitioner respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as may be just and proper.

| | |
|---|---|
| Dated:  May 3, 2024<br>         Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew R. Pierce*<br>Matthew B. McGuire (No. 4366)<br>Matthew R. Pierce (No. 5946)<br>Joshua B. Brooks (No. 6765)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>Email: mcguire@lrclaw.com<br>          pierce@lrclaw.com<br>          brooks@lrclaw.com<br><br>-and-<br><br>**NORTON ROSE FULBRIGHT US LLP**<br>Andrew Rosenblatt (admitted *pro hac vice*)<br>Francisco Vazquez (admitted *pro hac vice*)<br>Michael Berthiaume (admitted *pro hac vice*)<br>1301 Avenue of the Americas<br>New York, New York 10019<br>Telephone: (212) 408-5100<br>Facsimile: (212) 541-5369<br>Email: andrew.rosenblatt@nortonrosefulbright.com<br>francisco.vazquez@nortonrosefulbright.com<br>michael.berthiaume@nortonrosefulbright.com<br><br>*Counsel to the Petitioner* |